LYONS & FLOOD, LLP
65 West 36th Street, 7th Floor
New York, New York 10018
(212) 594-2400

Attorneys for Plaintiff
GIORGOS B MARITIME LTD.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
GIORGOS B MARITIME LTD.,                                            **ECF CASE**

                 Plaintiff,

  - against -                                                       07 Civ. 10387 (KPC)

REYNOLDS SHIPPING (USA) LLC,
a/k/a  REYNOLDS SHIPPING, LLC,
a/k/a REYNOLDS SHIPPING,
a/k/a  RS-USA,
a/k/a  RSUSA,
a/k/a  RSUSA, LLC.,
STEVE REYNOLDS,
a/k/a STEVEN REYNOLDS,
a/k/a STEVE C. REYNOLDS and
a/k/a STEVEN C. REYNOLDS,

                 Defendants.
------------------------------------------------------------------X

## SECOND AMENDED VERIFIED COMPLAINT

Plaintiff GIORGOS B MARITIME LTD. ("GIORGOS B"), by its attorneys, Lyons & Flood, LLP, as and for its Second Amended Verified Complaint against defendants, REYNOLDS SHIPPING (USA) LLC, a/k/a REYNOLDS SHIPPING, LLC, a/k/a REYNOLDS SHIPPING, a/k/a RS-USA, a/k/a RSUSA, a/k/a RSUSA, LLC. (hereinafter collectively referred to as "REYNOLDS"), and STEVE REYNOLDS, a/k/a STEVEN REYNOLDS, a/k/a STEVE C. REYNOLDS, a/k/a STEVEN C. REYNOLDS (hereinafter collectively referred to as "STEVEN REYNOLDS"), alleges upon

information and belief as follows:

1.     This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and the action falls within the Court's subject matter jurisdiction pursuant to 28 USC §§ 1331 and 1333.  Subject matter jurisdiction also exists because the action arises under the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards at 9 USC § 201 *et seq.* and/or the Federal Arbitration Act, 9 USC § 1 *et seq*.

2.     At all material times, plaintiff GIORGOS B was and still is a corporation organized and existing under the laws of a foreign country, with an office and place of business at 44 Akti Moutsopoulou, Piraeus, Greece, and is and was the owner of the M/T GIORGOS B ("the Vessel").

3.     Upon information and belief, at all material times, defendant REYNOLDS was and still is a corporation organized and existing under the laws of Oklahoma, with an office and place of business at 509 Melanie Drive, Pharr, Texas 78577 and was the charterer of the Vessel.

4.     Upon information and belief, defendant STEVEN REYNOLDS signed the Charter Party with plaintiff GIORGOS B as organizer on behalf of defendant REYNOLDS prior to its incorporation.  Further upon information and belief, under Oklahoma law, organizers remain personally liable under pre-incorporation contracts absent the express agreement, or novation, of all parties bound by the contract to release him.  Since a novation has not occurred, defendant STEVEN REYNOLDS is personally liable as organizer for defendant REYNOLDS's breach of the Charter Party.

5.     By a voyage charter evidenced by a fixture recap dated July 19, 2005 (the

"Charter Party"), defendant REYNOLDS chartered the Vessel from plaintiff GIORGOS B for one voyage from the East Coast South America to the Far East for the carriage of steel products (the "Cargo") intention Sepetiba to Kahoshiung, Pusan, and Xingang.

6. Under the Charter Party, defendant REYNOLDS was obligated to remit payment for the first hire installment and for bunkers to the plaintiff within three (3) days of the delivery of the Vessel. Defendant REYNOLDS wrongfully, and in breach of the foregoing provision in the Charter Party, refused to make this payment, an amount totaling $642,276.00, which was due and owing to plaintiff.

7. Moreover, defendant REYNOLDS failed to pay the hire or offer security for the additional hire payments that would have become due as per the terms of the Charter Party.

8. As a result of defendant REYNOLDS's wrongful breach of the Charter Party, plaintiff GIORGOS B terminated the Charter Party and accepted re-delivery of the Vessel.

9. Following re-delivery of the Vessel, plaintiff GIORGOS B incurred additional expenses in the amount of $98,539.20 for port costs, anchorage fees, and fuel/lube oil consumed while the Vessel waited for a subsequent employment with a new charterer.

10. As a result of the defendant REYNOLDS's wrongful breach of the Charter Party, in order to mitigate its losses, plaintiff GIORGOS B was forced to accept a lower hire rate for employment of the Vessel during the subsequent charter party. Plaintiff GIORGOS B incurred a loss of profits in the amount of $162,000.00 as a result of this lower charter hire rate.

11. Pursuant to the Jurisdiction Clause contained in the Charter Party, any and all disputes between plaintiff and defendant REYNOLDS are required to be brought in London Arbitration and governed by English law. Plaintiff has commenced arbitration against defendant.

12. Therefore, this action is in aid of arbitration in accordance with 9 USC § 8.

13. Under English law, plaintiff would expect a London arbitration tribunal to award interest on the principal amounts awarded at a rate of approximately 7%. Plaintiff has therefore calculated interest on the sum set forth in paragraph ¶ 16 (a) and (b) of the Second Amended Verified Complaint herein based on that interest rate.

14. Under English law, plaintiff would also expect a London arbitration tribunal to award the legal costs of arbitration against defendant. These legal costs would include plaintiff's London solicitors' legal fees, experts' fees, barristers' fees in relation to the arbitration hearing, costs associated with the arbitration hearing itself, and travel costs and expenses for witnesses attending the hearing.

15. Defendants REYNOLDS and STEVE REYNOLDS cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, but upon information and belief, defendants REYNOLDS and STEVEN REYNOLDS have, or will have during the pendency of this action, tangible or intangible property within this District in the hands of garnishees and thereby subject to the jurisdiction of this Court.

16. Plaintiff GIORGOS B hereby demands:

    (a) Payment of $642,276.00 for the unpaid hire payment due and

    owing to plaintiff under the Charter Party;

  (b) Payment of $98,539.20 for the additional port costs, anchorage fees, and fuel/lube oil consumed while the Vessel waited for subsequent employment after termination of the Charter Party;

  (c) Payment of $162,000.00 for loss profits sustained as result of the defendant's breach of the Charter Party.

  (d) Payment of $203,617.00 to cover interest on the amount in paragraphs (a) through (c) above as recoverable under English law; and

  (e) Payment of $150,000.00 as security to cover the legal costs in connection with the London arbitration as recoverable under English law.  Plaintiff reserves the right to amend the demand for interest and legal costs as they increase over time as is expected.

        **Total $1,256,432.20**

  WHEREFORE, plaintiff GIORGOS B prays that:

  a. process in due form of law according to the practice of this Court in admiralty and maritime jurisdiction issue against defendants, citing them to appear and answer under oath all and singular the matters alleged;

  b. since defendants cannot be found within this District, plaintiff respectfully requests that this Court issue a Second Amended Order directing the Clerk of the Court to issue a Second Amended Process of Maritime Attachment and Garnishment, pursuant to Rule B of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions and the United States Arbitration Act, 9 USC §§ 1, 8 and 9, attaching

all of the defendants' tangible or intangible property found in this District or claimed by or being held for, belonging to, due or being transferred to, from, or for the benefit of defendants by any garnishees within this District in the amount of $1,256,432.20 to secure plaintiff GIORGOS B's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged;

    c.    this Court retain jurisdiction over this matter for purposes of any subsequent enforcement action as may be necessary;

    d.    judgment be entered by this Court in favor of plaintiff and against defendants enforcing and recognizing any London arbitration award(s) or judgment(s) that may be rendered on the claims set forth herein; and

    e.    plaintiff have such other, further, and different relief as this Court may deem just and proper.

Dated: April 21, 2008

                      LYONS & FLOOD, LLP
                      Attorneys for plaintiff
                      GIORGOS B MARITIME LTD.

By: _____
        Jon Werner (JW-5000)
        Kirk M. Lyons (KL-1568)
        65 West 36th Street, 7th Floor
        New York, New York 10018
        (212) 594-2400

U:\kmhldocs\2600026\Legal\Second Amended\Second Amended Verified Complaint.doc

## VERIFICATION

Jon Werner, the undersigned, an attorney admitted to practice in this Court, state that I am the attorney of record for plaintiff GIORGOS B MARITIME LTD., in the within action; I have read the foregoing Second Amended Verified Complaint and know the contents thereof; the same is true to my knowledge based on documents in my file, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true.

The reason this Verification is made by me and not an officer of plaintiff GIORGOS B MARITIME LTD. is because there are no officers now present in this District.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on: April 21, 2008

_____
Jon Werner

U:\kmhldocs\2600026\Legal\Second Amended\Second Amended Verified Complaint.doc